Stacey L. Herter (SBN: 185366)
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100
Email:       stacey.herter@bryancave.com

Marc H. Phelps (SBN: 237036)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200
Email:       marc.phelps@bryancave.com

Attorneys for Defendants
RECONTRUST COMPANY, N.A. and
COUNTRYWIDE HOME LOANS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MARIA P. CHAVEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>RECONTRUST COMPANY,<br>COUNTRYWIDE HOME LOANS, INC.<br>and DOES 1-50, inclusive,<br><br>          Defendants. | Case No. CV 8-01864 LJO DLB<br><br>[Assigned to Hon. Lawrence J. O'Neill]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANTS RECONTRUST COMPANY, N.A. AND COUNTRYWIDE HOME LOANS, INC., TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**<br><br><u>Hearing</u><br>Date:         January 15, 2009<br>Time:        8:30 a.m.<br>Courtroom: 4 |

///

///

///

SM01DOCS711958.3

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...................................................................................................1

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND
PROCEDURAL HISTORY ....................................................................................1

III. LEGAL STANDARDS APPLICABLE TO A MOTION TO
DISMISS PURSUANT TO RULE 12(b)(6) ...........................................................3

IV. THE COMPLAINT DOES NOT ALLEGE FACTS
ESTABLISHING WRONGDOING BY DEFENDANTS. ......................................5

    A. Defendants' Actions Are In Accordance With Applicable
       Law And Plaintiff's Deed Of Trust...............................................................5

    B. Plaintiff's Unfair Debt Collection Practices Claim Should Be
       Dismissed Because It Is Based On Conclusory And
       Unsubstantiated Allegations. ........................................................................6

    C. Plaintiff Fails To State A Claim Against Defendants Under
       RICO. ............................................................................................................8

V. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED
BECAUSE PLAINTIFF HAS NOT TENDERED THE
AMOUNTS OWED ON THE LOAN ....................................................................9

VI. PLAINTIFF'S CLAIM FOR ATTORNEY FEES AND
TREBLE DAMAGES SHOULD BE STRICKEN .................................................9

VII. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A
MORE DEFINITE STATEMENT OF ANY REMAINING
CLAIMS ................................................................................................................10

VIII. CONCLUSION .....................................................................................................10

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Andrews v. Heaton*,
  483 F.3d 1070 (10th Cir. 2007) ................................................................................ 8

*Associated General Contrs. of America v. Metropolitan Water District*,
  159 F.3d 1178 (9th Cir. 1998) ............................................................................. 4, 5

*Balistreri v. Pacifica Police Department*,
  901 F.2d 696 (9th Cir. 1988) .................................................................................. 4

*Bautista v. Los Angeles County*,
  216 F.3d 837 (9th Cir. 2000) .............................................................................. 3, 5

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................... 1, 3, 4, 5, 10

*Bloom v. Martin*,
  865 F. Supp. 1377 (N.D. Cal. 1994) ....................................................................... 7

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) .................................................................................... 4

*Bureerong v. Uvawas*,
  922 F. Supp. 1450 (C.D. Cal. 1996) ....................................................................... 9

*Cairns v. Franklin Mint Co.*,
  24 F. Supp. 2d 1013 (C.D. Cal. 1998) .................................................................... 4

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) .................................................................................... 4

*I. E. Associates v. Safeco Title Insurance*,
  39 Cal. 3d 281 (1985) ............................................................................................. 6

*King v. California*,
  784 F.2d 910 (9th Cir. 1986) .................................................................................. 4

*Moeller v. Lien*,
  25 Cal. App. 4th 822 (1994) ................................................................................... 6

*Nugget Hydroelectric, L.P. v. Pacific Gas & Electric Co.*,
  981 F.2d 429 (9th Cir. 1992) .................................................................................. 8

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) .................................................................................. 4

*Reidy v. Meritor Sav., F.S.B.*,
  705 F. Supp. 39 (D. D.C. 1989) .............................................................................. 8

*Sumner Peck Ranch v. Bureau of Reclamation*,
  823 F. Supp. 715 (E.D. Cal. 1993) ......................................................................... 4

*Tapley v. Lockwood Green Engineers, Inc.*,
  502 F.2d 559 (8th Cir. 1974) .................................................................................. 9

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

*United States Cold Storage v. Great W. Sav. & Loan Association*,
    165 Cal. App. 3d 1214 (1985) ................................................................................9

## STATUTES

12 U.S.C. §§ 2601-2617 ............................................................................................2
12 U.S.C. § 2607 .......................................................................................................7
12 U.S.C. § 2614 .......................................................................................................7
15 U.S.C. §§ 41-58 ....................................................................................................2
15 U.S.C. § 1601 .......................................................................................................2
15 U.S.C. § 1637 .......................................................................................................2
15 U.S.C. § 1692 ................................................................................................2, 6, 7
18 U.S.C. § 1961 ...................................................................................................2, 8
18 U.S.C. § 1962 .......................................................................................................8
Cal. Civil Code § 1788 ..........................................................................................2, 7
Cal. Civil Code § 2924 ..........................................................................................5, 6
Cal. Civil Code § 2934 .............................................................................................7

## RULES

Fed. R. Civ. P. 8 ...............................................................................................1, 3, 5
Fed. R. Civ. P. 12 .........................................................................................3, 4, 9, 10

## REGULATIONS

12 C.F.R. § 226 .........................................................................................................2

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**I.      INTRODUCTION**

Plaintiff Maria P. Chavez ("Plaintiff") seeks to avoid foreclosure and has filed this lawsuit as a means to that end. Her Complaint alleges no facts that would give rise to a right to such relief. Her Complaint is filled with boilerplate allegations and generalized contentions, with no regard to their truth or falsity, and no relation to her own facts and circumstances. Plaintiff admits she does not know the facts which give rise to many of the legal claims she asserts.

Plaintiff's pleading does not meet the minimal pleading requirements of either California or federal law, including Rule 8 of the Federal Rules of Civil Procedure, which requires her to plead "enough facts to state a claim to relief that is *plausible on its face*" and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007) (emphasis added).

Plaintiff admits she is in default on her loan (*See* Complaint ¶ 8), but alleges that the unnamed noteholder may not have the original endorsed note, or, in the alternative, that Plaintiff's lender is charging improper, but unspecified, costs and fees on Plaintiff's loan. (*Id.* ¶ 17.)

No requirement exists under California law that the original of the promissory note be produced by anyone as a condition to conducting a non-judicial foreclosure. Nor does Plaintiff identify the fees and costs that he claims are objectionable.

Plaintiff's claims are not supported by the scant facts alleged in the Complaint. Plaintiff's claims should be dismissed.

**II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY**

Ms. Chavez is in default on a residential loan secured by a Deed of Trust. The Deed of Trust appoints Defendant ReconTrust Company ("ReconTrust") as Trustee. (*See* Complaint, ¶¶ 2 and 5, Exh. 1.) Plaintiff names Defendant Countrywide Home Loans, Inc. ("Countrywide") as "the natural person or entity

1  that has directed and is directing said Trustee [ReconTrust] to proceed under a
2  power of sale to foreclose" on Plaintiff's property. (*Id.* ¶ 2.)

3  Plaintiff alleges that Countrywide "is not in possession of the note properly
4  endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure
5  under the security instrument identified in Exhibit 1." (*Id.* ¶ 7.) Plaintiff further
6  alleges that "assuming, *arguendo* that [defendants] do have a right to proceed to
7  foreclose under the note" that defendants conspired "to profit from those actions in
8  amounts greater than their rights under the note to do so," and that they "added costs
9  and charges to the payoff amount of the note that were not justified and proper
10 under the terms of the note or the law." (*Id.* ¶¶ 13, 17.) Plaintiff does not identify
11 the charges, fees, or other sums that she contends are improper.

12 Plaintiff asserts three causes of action seeking relief under various federal
13 statutes, together with a prayer for injunctive relief. Plaintiff's Complaint sets forth
14 an alphabet soup of federal statutes that Plaintiff contends were violated by
15 ReconTrust and Countrywide, including the federal Fair Debt Collections Act
16 ("FDCA"), 15 U.S.C. § 1692 *et seq.*; Real Estate Settlement Procedures Act
17 ("RESPA"), 12 U.S.C. §§ 2601-2617; Home Ownership and Equity Protection Act,
18 15 U.S.C. § 1637; Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA");
19 Regulation Z, 12 C.F.R. § 226 *et seq.*; Federal Trade Commission Act ("FTC Act"),
20 15 U.S.C. §§ 41-58; and the Racketeer Influenced and Corrupt Organizations law
21 ("RICO"), 18 U.S.C. § 1961 *et seq.* (*See* Complaint ¶¶ 20, 21, 24, 27.) Plaintiff
22 also asserts derivative claims under California's Fair Debt Collection Practices Act,
23 Cal. Civil Code § 1788(e) and (f). (*Id.* ¶¶ 20-21.)

24 Plaintiff does not identify which portions of these various laws she contends
25 were violated by ReconTrust, Countrywide, or any other defendant, or the conduct
26 that resulted in the claimed violations. Instead, Plaintiff alleges that there were
27 various statutory violations, "the specifics of which are unknown, but which are
28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained." (*Id.* ¶ 24.)

Defendants personally received a copy of Plaintiff's Complaint on November 3, 2008. The Complaint bears a stamp indicating that it was filed on October 16, 2008 in the Kern County Superior Court.

On December 3, 2008, within 30 days of Defendants' first receipt of Plaintiff's initial pleading, Defendants caused this action to be removed to the United States District Court, Eastern District of California, because federal questions are framed by the pleading.

Defendants now respectfully request that the Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## III. LEGAL STANDARDS APPLICABLE TO A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

To state a claim for relief in compliance with Rule 8 of the Federal Rules of Civil Procedure, "each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The United States Supreme Court has tightened the pleading standards under Rule 8 and has held that a plaintiff must allege "enough facts to state a claim to relief that is *plausible on its face*." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added). The Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do. . . . Factual allegations must be

enough to raise a right to relief *above the speculative level*. *Id.* at 1964-65 (emphasis added, internal citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss is also proper when Plaintiff seeks remedies to which she is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987).

Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

The Court may also consider on this Motion to Dismiss the Notice of Trustee's Sale attached as an exhibit to Plaintiff's complaint as well as any other matters that may be judicially noticed. *See Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (holding that the Court "may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint" or by documents referred to in the complaint). *See also Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that a document not attached to the complaint whose contents are alleged in the complaint and whose authenticity is not questioned may be considered on a Rule 12(b)(6) motion to dismiss); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.3 (9th Cir. 1998) (documents

integral to a plaintiff's claims may be attached to a motion to dismiss, because the plaintiff is obviously aware of contents).

## IV. THE COMPLAINT DOES NOT ALLEGE FACTS ESTABLISHING WRONGDOING BY DEFENDANTS

As a threshold matter, Plaintiff's claims against Defendants should be dismissed because the Complaint fails to allege any actionable wrongdoing under the various federal and state statutes identified in the Complaint, including FDCA, RESPA, TILA, Regulation Z, HOEPA, FTC Act, or RICO. To state a claim for relief in compliance with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff "must plead a short and plain statement of the elements of [his] claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista*, 216 F.3d at 840.

Plaintiff also must not allege mere "labels and conclusions," but rather "enough facts to state a claim to relief that is *plausible on its face*." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-1965, 1974. Plaintiff has failed to satisfy this burden with respect to his claims against Defendants because they are based on "conclusory allegations of law and unwarranted inferences," which, under the applicable pleading rules, "are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am.*, 159 F.3d at 1181.

### A. Defendants' Actions Are In Accordance With Applicable Law And Plaintiff's Deed Of Trust.

Defendants have acted in accordance with applicable law, as set forth in Cal. Civil Code §§ 2924-2924i and the loan documents signed by Plaintiff. Sections 2924-2924i set forth the requirements for conducting a non-judicial foreclosure.

> This comprehensive statutory framework established to govern trustee sales is intended to be exhaustive. *Homestead Savings v. Darmiento* (1991) 234 Cal.App.3d 424, 432-433. It includes a myriad of rules relating to standing, notice and

1         right to cure.  It is inconsistent with the comprehensive and
2         exhaustive statutory scheme regulating trustee sales to
3         incorporate other unrelated provisions into the proceeds.

*Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994).  *See also I. E. Associates v. Safeco Title Insurance*, 39 Cal. 3d 281, 288 (1985) (holding the nonjudicial foreclosure statute supplants common law as to the rights and duties of the parties to a deed of trust).

      Plaintiff's allegation that Defendants have no right to foreclose on his property is incorrect.  The California statutory scheme allows for the foreclosure process to be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents."  Cal. Civ. Code § 2924(a)(1).  ReconTrust has the statutory right, as trustee under Plaintiff's Deed of Trust, to initiate the foreclosure process on behalf of his lender and the owners of the note.  Plaintiff's allegations to the contrary lack any legal basis.

      Similarly, Plaintiff's assertion that Defendants cannot produce her original note also has no basis in law or fact.  California law does not require production of the original note in order to proceed with a nonjudicial foreclosure.  Cal. Civ. Code § 2924(a) *et seq.*

      Because Plaintiff does not allege a violation of applicable law or Plaintiff's loan agreements, the Complaint fails to establish that Defendants lack the right to foreclose.  Defendants acted properly under the terms of Plaintiff's loan agreements and the law.  Plaintiff's Complaint should be dismissed.

      **B.**   **Plaintiff's Unfair Debt Collection Practices Claim Should Be Dismissed Because It Is Based On Conclusory And Unsubstantiated Allegations.**

      Plaintiff alleges "Unfair Debt Collection Practices."  Plaintiff does not allege that Defendants engaged in any harassment or abuse, as defined in 15 U.S.C § 1692d, that it used any false or misleading representations in violation of 15

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

U.S.C. § 1692e, or that it used any unfair practices in violation of 15 U.S.C. § 1692f. The absence of these allegations also results in the failure of Plaintiff's unfair debt collection claim under California Civil Code § 1788 *et seq.*, California's Fair Debt Collection Practices Act.

Plaintiff instead alleges that the unnamed noteholder does not, in fact, hold the note. (*See* Complaint ¶ 17.) California law does not require possession of the original note as a condition to proceeding with a non-judicial foreclosure. Nor is there an obligation to produce originals of either the promissory note or the deed of trust. In California, a lender is only obligated to provide a *copy* of the promissory note twenty-one days after a homeowner provides an adequate request. Cal. Civil Code § 2934(b)(1).

Plaintiff also predicates her Unfair Debt Collection Practices claim on alleged RESPA violations, but fails to identify the provisions of RESPA that were violated. (*See* Complaint ¶ 21.) Plaintiff does not allege any improper kickbacks in violation of 12 U.S.C. § 2607. To the extent that Plaintiff claims disclosure-related violations, the claims must be dismissed because there is no private right of action under the disclosure rules of RESPA. *Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994).

In any event, Plaintiff's RESPA claims are time-barred. Section 16 of RESPA provides that any private suit must be brought "within one year from the date of the occurrence of the violation." 12 U.S.C. § 2614. The loan documents attached to the Request for Judicial Notice reflect a transaction date of October 4, 2006. Plaintiff's action accrued, and the one-year statute of limitations began to run, on that date. Plaintiff failed to file this suit for more than one year after she signed her loan documents. Her RESPA claims are conclusively barred. 12 U.S.C. § 2614(a).

### C. Plaintiff Fails To State A Claim Against Defendants Under RICO.

Plaintiff's cause of action for violations of RICO, 18 U.S.C. § 1961 *et seq.*, should be dismissed because Plaintiff has not alleged facts to satisfy the statutory elements of the claim. The Complaint is devoid of any facts that would show either the existence of "racketeering activity" or a "pattern of racketeering activity" or of an "unlawful debt." 18 U.S.C. § 1961, subds. (1), (5), and (6). *See also id.* § 1962, subd. (a), (c). Because Plaintiff has not met his burden of pleading facts showing the existence of any potential RICO violations, the Fourth Cause of Action must be dismissed. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming the dismissal of RICO claims that were based on "vague and conclusory allegations of fraud"); *Reidy v. Meritor Sav., F.S.B.*, 705 F. Supp. 39, 41 (D. D.C. 1989) (aff'd without op., 888 F.2d 898 (D.C. Cir. 1989)) (granting defendant's motion to dismiss because the complaint failed to allege sufficient facts to show that defendant was engaged in the collection of an "unlawful debt" as defined in the RICO statutes).

Plaintiff has not alleged any facts that show that Defendants engaged in any indictable acts punishable by a year or more in prison, let alone the two or more criminal acts required to show a "pattern of racketeering activity" under 18 U.S.C. §§ 1961(5) and 1962. Similarly, Plaintiff does not allege that the loan constitutes an "unlawful debt," meaning that it is an illegal gambling debt or a debt that carries an interest rate "at least twice the enforceable rate." *Reidy*, 705 F. Supp. at 41.

Plaintiff's RICO claim also fails because she cannot satisfy the damages requirement. To state a claim for RICO, in addition to the other required elements, Plaintiff "must allege facts tending to show that he or she was injured by the use or investment of racketeering income." *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992) (affirming the dismissal of plaintiff's RICO claim without leave to amend).

Plaintiff's Complaint does not contain the required allegations. Plaintiff's RICO claim should be dismissed.

## V. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT TENDERED THE AMOUNTS OWED ON THE LOAN

Plaintiff's claims against Defendants, including her request for injunctive relief, should also be dismissed because Plaintiff has not alleged that he has tendered the payments owed under the Loan. Plaintiff does not deny that she signed a note, incurred the debt at issue or that she is delinquent. (*See, e.g.,* Complaint ¶ 11 [discussing payoff amounts for the loan].)

Plaintiff asks this Court to enjoin the foreclosure sale on her property (*see* Complaint, p. 5:16-22 [Prayer for Relief ¶¶ 1-2]). A party cannot enjoin a foreclosure sale unless she has tendered the obligation in full. *See United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale"); Roger Bernhardt, California Mortgage & Deed of Trust Practice (C.E.B. 3d ed.) § 7.37 ("Courts usually require the trustor to pay or to tender payment of any amounts admittedly owed the beneficiary as a condition for issuing a temporary restraining order or preliminary injunction."). Because Plaintiff has not tendered the amounts still owing on his loan, Plaintiff cannot obtain an injunction against any foreclosure sale under the deed of trust securing the loan or obtain any other relief based on the claimed wrongful foreclosure on his property.

## VI. PLAINTIFF'S CLAIM FOR ATTORNEY FEES AND TREBLE DAMAGES SHOULD BE STRICKEN

Federal Rule of Civil Procedure 12(f) allows the court to strike any "immaterial" or "impertinent" matter from pleadings. A prayer for relief may be stricken where the damages sought are not recoverable as a matter of law. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996) (citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974)).

Plaintiff's Complaint seeks attorney fees and treble damages "as may be permitted by law." Plaintiff's allegations state no basis for such relief. Plaintiff's prayer for attorney fees and treble damages should be stricken from the Complaint.

## VII. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ANY REMAINING CLAIMS

If this Court does not dismiss all of the causes of action asserted in the Complaint, the Court should order Plaintiff to provide a more definite statement of the remaining claims.

Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

The Complaint does not "plead a short and plain statement" of the elements of Plaintiff's claim. The Complaint does not satisfy the *Bell Atlantic Corp. v. Twombly* standard requiring "more than labels and conclusions" to plead claims that are "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-1965, 1974. If this Court allows any of Plaintiff's claims to survive, Plaintiff should be ordered to set forth in detail the specific facts supporting each count she asserts.

## VIII. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint of Plaintiff Maria P. Chavez as set forth above. In the alternative, Defendants respectfully request that the Court order Plaintiff to provide a more definite statement of her claims.

Dated: December 8, 2008

Stacey L. Herter, Esq.
Marc H. Phelps, Esq.
**BRYAN CAVE LLP**

By:   /s/   Stacey L. Herter
Stacey L. Herter
Attorneys for Defendants
RECONTRUST COMPANY, N.A. and
COUNTRYWIDE HOME LOANS, INC.

SM01DOCS711958.3

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS