IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA P. CHAVEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>RECONTRUST COMPANY, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 08-1864 LJO DLB<br><br>**ORDER ON DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS**<br>(Doc. 10.) |

**INTRODUCTION**

Defendants Countrywide Home Loans, Inc. ("Countrywide") and Recontrust Company ("Recontrust") seek to dismiss plaintiff Maria P. Chavez' ("Ms. Chavez'") unfair debt collection and related real estate foreclosure claims as non-cognizable and lacking sufficient facts for requested relief. Based on Ms. Chavez' inability to prevail on her claims as pled, this Court DISMISSES her claims with leave to amend and need not entertain further briefing given the myriad of deficiencies of Ms. Chavez' operative complaint. "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). This Court VACATES the January 15, 2009 hearing and ORDERS Ms. Chavez, no later than December 16, 2008, to file and serve: (1) a first amended complaint to comply with federal pleading requirements and this Court's Local Rules; or (2) a statement that she abandons her claims. This Court gives Ms. Chavez a short period of time to respond to this order because this Court suspects that the court system is being used solely for delay.

# BACKGROUND

## Ms. Chavez' Underlying Loan

Ms. Chavez executed an October 4, 2006 promissory note ("note") payable to New Century Mortgage Corporation in the amount of $160,626. Ms. Chavez also executed an October 4, 2006 deed of trust ("deed of trust") to secure the note with her Bakersfield home ("property"). The note apparently was assigned to or purchased by Countrywide. Ms. Chavez defaulted on the note, and Recontrust, as appointed trustee under the deed of trust, issued a September 9, 2008 notice of trustee's sale ("notice").

## Mr. Vargas Claims

Mr. Vargas' operative original complaint ("complaint") alleges that:

1. Countrywide is not: (a) the holder of the note identified in the deed of trust; (b) in possession of the "note properly endorsed to it"; and (c) entitled by state law to initiate foreclosure;

2. Countrywide "has no present right to initiate foreclosure" and lacks the right to direct Recontrust to foreclose and sell the property;

3. Recontrust has refused to suspend the property sale and to provide proof of Countrywide's right to initiate foreclosure;

4. Defendants have engaged "in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so";

5. Defendants have used the United States mail to further a conspiracy to unlawfully collect on negotiable instruments and assuming that they have the right to foreclose under the note, "to profit from those actions in amounts greater than their rights under the note to do so";

6. Defendants are not in possession of the note and "were proceeding to foreclose non-judicially without right under the law";

7. Defendants "added costs and charges to the payoff amount of the note that were not justified"; and

8. Defendants misrepresented facts to force Ms. Chavez to pay large sums of money to defendants to which they were not entitled or to abandon Mr. Vargas' property to foreclosure sale.

The complaint alleges:

1. A (first) unfair debt collection practices cause of action that defendants "violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788(e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692, et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617";

2. A (second) predatory lending practices cause of action that Countrywide "is subject to defenses that would have been available against New Century Mortgage Corp.," the initial lender identified in the deed of trust, and that New Century Mortgage Corp. engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41-58, the specifics of which are unknown"; and

3. A (third) RICO violations cause of action that defendants participated in a scheme of "racketeering" as defined in RICO, 18 U.S.C. §§ 1961 et seq." and have committed RICO violations, including attempts to collect unlawful debts, mail fraud, prohibited interference with commerce, robbery, extortion and fraud in the sale of securities.

The complaint seeks to enjoin foreclosure and sale of the property, monetary, statutory and treble damages, and attorney fees.

## DISCUSSION

### Pleading And F.R.Civ.P. 12(b)(6) Motion Standards

Defendants characterize Ms. Chavez' complaint as an attempt "to avoid foreclosure." Defendants fault the complaint's failure to identify specific portions of the various statutes which Ms. Chavez claims that defendants violated and conduct resulting in claimed violations.

F.R.Civ.P. 8 requires a complaint to contain "a short plain statement of the claim showing that

the pleader is entitled to relief." To comply with F.R.Civ.P. 8, a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider Ms. Chavez' pertinent loan documents.

### **Non-Judicial Foreclosure Under California Law**

Defendants argue that the complaint fails to allege actionable wrongdoing under the cited statutes. Defendants characterize the complaint as "conclusory allegations of law and unwarranted inferences [which] are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of America v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (1998). Defendants note that they have pursued properly non-judicial foreclosure under California Civil Code sections 2924-2924i and Ms. Chavez' loan documents.

The California Court of Appeal has explained non-judicial foreclosure:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Defendants note that under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. As such, defendants point out that Recontrust, as trustee under the deed of trust, was authorized to initiate foreclosure.

Defendants further note the absence of a requirement under the statutory framework to produce the original note to initiate non-judicial foreclosure. Defendants conclude that the complaint lacks alleged violation of applicable law or Ms. Chavez' loan agreements.

The complaint fails to satisfy F.R.Civ.P. 8 to plead specific elements of a statutory claim or violation to entitle Ms. Chavez to requested relief. The complaint fails to demonstrate with facts that defendants are prohibited to proceed with non-judicial foreclosure or violated statutes or other requirements to prevent non-judicial foreclosure. The complaint alleges unsubstantiated, sweeping legal conclusions. This Court surmises that the complaint was filed to attempt to delay non-judicial foreclosure, especially given the complaint's acknowledgment of "unknown" specifics of predatory lending practices.

**Unfair Debt Collection Practices Claim**

Defendants criticize the Ms. Chavez' unfair debt collection practices claim for failure to allege necessary statutory violations. Defendants note the complaint's lack of allegations of defendants' harassment or abuse to violate 15 U.S.C. § 1692d, false or misleading representations to violate 15 U.S.C. §1692e, or unfair practices to violate 15 U.S.C. § 1692f. Defendants point out that absence of allegations to violate federal Fair Debt Collections Act results in failure of Ms. Chavez' claim of violation of the California Fair Debt Collection Practices Act, Cal. Civil Code, § 1788, et seq. Defendants fault the complaint's allegation that an unnamed noteholder does not possess the note in that there is no "obligation to produce originals of either the promissory note or deed of trust."

Defendants further challenge the unfair debt collection practices claim's reference to the Real Estate Settlement Procedures Act ("RESPA") in that the claim lacks allegations of "improper kickbacks." Defendants note the absence of a private right of action under RESPA disclosure requirements. *See Bloom v. Martin*, 865 F.Supp. 1377, 1384-1385 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (1996). Defendants also challenge a RESPA claim as untimely under the one-year limitations period of 12 U.S.C. § 2614(a) in that Ms. Chavez filed her complaint more than two years after the October 2006 loan transaction.

Defendants meaningfully attack Ms. Chavez' unfair debt collection practices claim. Mr. Vargas' unfair debt collection practices claim fails as an unsubstantiated attempt to delay non-judicial

foreclosure.

**RICO Claim**

Defendants fault Ms. Chavez' Racketeer Influenced and Corrupt Organization Act ("RICO") claim for lacking facts of "racketeering activity," a "pattern of racketeering activity," or an "unlawful debt."

Subsection (c) of 18 U.S.C. § 1962 ("section 1962") provides:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

A violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275 (1985). A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima*, 473 U.S. at 496, 105 S.Ct. 3275.

"Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code. *Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990); *see* 18 U.S.C. § 1961. "Racketeering activity" also includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).

Subsection (5) of 18 U.S.C. § 1961("section 1961") defines "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Section 1961"does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J., Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 237, 109 S.Ct. 2893 (1989). Section 1961(5) "says of the phrase 'pattern of racketeering activity' only that it 'requires at least two acts of racketeering activity, one of which occurred after [October 15, 1970,] and the last of which occurred within ten years

(excluding any period of imprisonment) after the commission of a prior act of racketeering activity.' It thus places an outer limit on the concept of a pattern of racketeering activity that is broad indeed." *H.J, Inc.*, 492 U.S. at 237, 109 S.Ct. 2893.

"Section 1961(5) concerns only the minimum *number* of predicates necessary to establish a pattern; and it assumes that there is something to a RICO pattern *beyond* simply the number of predicate acts involved." *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900 (italics in original). A pattern in not formed by "sporadic activity." *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900. The term pattern requires a relationship between predicates and the threat of continuing activity. *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900. The factor of continuity plus relationship combines to produce a pattern. *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900. "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J, Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900.

Defendants note the absence of allegations that defendants engaged in two or more criminal acts to support a pattern of racketeering activity under sections 1961(5) and 1962. Defendants point out that the complaint fails to allege that Ms. Chavez' loan constitutes an unlawful debt, that is, an illegal gambling debt or debt with an interest rate "at least twice the enforceable rate." *Reidy v. Meritor Sav., F.S.B.,* 705 F.Supp. 39, 40 (D. D.C. 1989).

Defendants further challenge Ms. Chavez' inability to satisfy the damages requirement for a RICO claim. The "plain language" of pertinent RICO provisions "leads us to conclude that a plaintiff seeking civil damages for a violation of section 1962(a) must allege facts tending to show that he or she was injured by the use or investment of racketeering income." *Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.,* 981 F.2d 429, 437 (9th Cir. 1992), *cert. denied*, 508 U.S. 908, 113 S.Ct. 2336 (1993).

Defendants successfully dismantle the complaint's RICO claim in the absence of sufficient facts of racketeering activity, pattern of racketeering activity, unlawful debt and recoverable damages. The complaint alleges no injury to Ms. Chavez' business or property by a racketeering activity or sufficiently alleged violation identified under RICO. The complaint is devoid of facts to satisfy sections 1961 and 1962.

**Injunctive And Other Relief**

Defendants contend that Ms. Chavez' failure to tender payments owed under the note bar his requested injunctive relief. "[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1222, 212 Cal.Rptr. 232 (1985).

Defendants argue that the complaint's request for attorney fees and treble damages "as may be permitted by law" fail in the absence of a "basis for such relief."

Defendants are correct that the complaint fails to allege necessary facts to entitle Mr. Vargas to injunctive relief, attorney fees and treble damages.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES without prejudice this action; and

2. ORDERS Ms. Chavez, no later than December 16, 2008, to file and serve: (a) a first amended complaint to comply with federal pleading requirements and this Court's Local Rules; or (b) a statement that she abandons her claims. If the first amended complaint is either filed untimely or lacks a cognizable claim and/or sufficient facts for requested relief, this Court will dismiss this action without prejudice on December 17, 2008. Due to this Court's concerns about delay tactics, this action is on a fast track for resolution.

IT IS SO ORDERED.

**Dated:   December 11, 2008**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE