1

2

3

4

5          **IN THE UNITED STATES DISTRICT COURT**

6          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    MARIA CHAVEZ,                          CASE NO. CV F 08-1864 LJO DLB

9              Plaintiff,          _____ **ORDER TO DISMISS FOR DISOBEDIENCE**
                                            **OF ORDER**
10       vs.                                (Doc. 13.)

11   RECONTRUST COMPANY, et al.,

12             Defendants.
     _____/

13

14                          **BACKGROUND**

15        This Court's December 11, 2008 order ("December 11 order") dismissed this action without

16   prejudice and granted plaintiff Maria P. Chavez ("Ms. Chavez") up to December 16, 2008 to "file and

17   serve (a) a first amended complaint to comply with federal pleading requirements and this Court's Local

18   Rules; or (b) a statement that she abandons her claims."  The December 11 order further provides: "If

19   the first amended complaint is either filed untimely or lacks a cognizable claim and/or sufficient facts

20   for requested relief, this Court will dismiss this action without prejudice on December 17, 2008.  Due

21   to this Court's concerns about delay tactics, this action is on a fast track for resolution."

22        Ms. Chavez disobeyed the December 11 order and failed to file timely either a first amended

23   complaint or statement that she abandons her claims.

24                          **DISCUSSION**

25                    **Failure To Comply With Orders**

26        This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

27   these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

28   and all sanctions . . . within the inherent power of the Court." District courts have inherent power to

                                        1

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as plaintiff indicates a lack of interest to further litigate this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The December 11 order admonished that this Court will dismiss this action if a "first amended complaint is either filed untimely or lacks a cognizable claim and/or sufficient facts for requested relief." The December 10 order further admonishes that "this action is on a fast track for resolution" to warn Ms. Chavez of the need to comply timely with orders. Ms.

1  Chavez filed timely neither a first amended complaint nor a statement that she abandons her claims and

2  thus failed to comply with the December 11 order.  Quite simply, plaintiff has failed to comply with this

3  Court's order or to meaningfully and intelligently respond.

4  <center>**CONCLUSION AND ORDER**</center>

5      For the reasons discussed above, this Court:

6  1.    DISMISSES this action without prejudice; and

7  2.    DIRECTS the clerk to close this action.

8

9  IT IS SO ORDERED.

10 **Dated:   December 18, 2008      /s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<center>3</center>